**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0494-16T3

WARREN ALSTON,

    Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____

Submitted May 24, 2018 — Decided June 7, 2018

Before Judges Simonelli and Haas.

On appeal from the New Jersey Department of Corrections.

Warren Alston, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Suzanne M. Davies, Deputy Attorney General, on the brief).

PER CURIAM

    Plaintiff Warren Alston appeals from the January 11, 2018

final decision of respondent New Jersey Department of Corrections

(DOC), which denied his request for his uncertified birth certificate. We affirm.

Alston is an inmate currently incarcerated at East Jersey State prison. He was convicted of armed burglary, aggravated sexual assault, aggravated assault, and possession of a weapon for an unlawful purpose, and is serving a twenty-year term of imprisonment with a seventeen-year period of parole ineligibility.

Alston filed a request to obtain an uncertified copy of his birth certificate and authorization to possess it on his person. The DOC denied his request, stating that "[n]o birth certificates of any kind are approved to be held on person."

Alston appealed, arguing the DOC violated his constitutional rights by depriving him of an uncertified copy of his birth certificate that would indicate it was issued for informational purposes only and where no penological interest compelled confiscation or seizure by prison authorities. Alston also argued that the document entitled "Original Birth Record" is only an informational record and not a birth certificate. On September 20, 2017, the DOC issued a final decision denying Alston's request, stating birth certificates are not permitted in an inmate's possession and he could have Social Services assist him if he needed it for a legal reason.

Alston appealed to this court, reiterating the arguments presented to the DOC.[1]  The DOC subsequently filed a motion for remand, which we granted.  On remand, the DOC issued an amended final decision on January 18, 2018, determining that for security and safety reasons, inmates are not permitted to have any identity creating documents, such as a social security card or birth certificate, in their possession.  The DOC explained that

> a birth certificate serves no purpose to the incarcerated person, and could only prove to serve as a potentially serious safety and security risk to the prison and the public as a birth certificate, whether certified or not, can be used to either steal an identity and/or verify identities and/or create alternate identities.

The DOC also determined "the birth certificate is not needed for the inmate to obtain any service or partake in any function at the facility[,]" and an inmate could obtain assistance through the social service department if he or she had a personal issue that required a birth certificate.  Lastly, the DOC determined that its policy dictated the storage of birth certificates in a safe place and not in an inmate's possession.

---

[1]  We decline to address Alston's additional argument that the DOC violated his rights under the Adoption Record Act, N.J.S.A. 9:3-37 to -56, by withholding, confiscating, or seizing information pertaining to his natural parents.  Alston did not raise this issue before the DOC, and it is not jurisdictional in nature nor does it substantially implicate the public interest.  Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (citation omitted).

A-0494-16T3

Our review of a decision of an administrative agency is limited. Williams v. D.J. Dep't of Corr., 423 N.J. Super. 176, 182 (App. Div. 2011) (citation omitted). We "ordinarily will reverse the decision of an administrative agency only when the agency's decision 'is arbitrary, capricious, or unreasonable, or [] is not supported by substantial credible evidence in the record as a whole.'" Ramirez v. Dep't of Corr., 382 N.J. Super. 18, 23 (App. Div. 2005) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)).

We have considered Alston's arguments in light of the record and applicable legal principles and conclude there is sufficient credible evidence in the record as a whole supporting the DOC's decision. R. 2:11-3(e)(1)(D). We affirm substantially for the reasons the DOC expressed in its January 11, 2018 final decision. We also conclude that Alton's arguments are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0494-16T3